Filed 6/21/24  P. v. Spikes CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEMOND ANTHONY SPIKES,<br><br>        Defendant and Appellant. | A169346<br><br>(San Mateo County Super. Ct.<br>No. SC082799A) |

Defendant Demond Spikes appeals from the summary denial of his petition for resentencing under Penal Code former section 1170.95, now section 1172.6.[1]  His counsel filed a brief asking us to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief.  We affirm.

## BACKGROUND

### The Underlying Crimes and Convictions

As our prior opinion on direct appeal summarized the facts and procedural history:

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6. (Stats. 2022, ch. 58, § 10.)  Although defendant filed his petition under former section 1170.95, we cite to section 1172.6 for consistency's sake.

"In the early morning hours of April 13, 2014, defendant Demond Spikes escorted Brigid Palmer to the home of Marcus Brackinridge, where Palmer engaged in an act of prostitution with Marcus. After Palmer texted defendant that she was having trouble with Marcus, defendant—Palmer's pimp—went into the Brackinridges' yard, where he encountered Marcus. Defendant pulled out a gun and, after a brief tussle, killed Marcus with two shots, also shooting Marcus's mother [Sandra Alexander], who had awakened and witnessed the murder of her son from inside the family home." (*People v. Spikes* (June 21, 2019, A148920 & A149766) [nonpub. opn.] (*Spikes*), p. 1.)

"On February 24, 2015, the San Mateo County District Attorney filed an information charging defendant with four felonies: the murder of Marcus Brackinridge (§ 187); the deliberate and premeditated attempted murder of Sandra Alexander (§§ 187, 189, 664); shooting at an inhabited dwelling (§ 246); and felon in possession of a firearm (§ 29800, subd. (a)(1)). The information also alleged that defendant discharged a firearm causing death or great bodily injury in counts one through three (§ 12022.53, subd. (d)), had suffered one prior juvenile robbery adjudication (§ 1170.12, subd. (c)(1)), and had served two prior prison terms (§ 667.5, subd. (b)).

"Defendant was tried before a jury in May and June 2016. On June 9, the jury found him guilty of first degree murder, shooting at an inhabited dwelling, and unlawful possession of a firearm, and not guilty of attempted murder. It found true the firearm enhancement allegations as to the murder and shooting at an inhabited dwelling charges.

"Following a bench trial on defendant's priors, the trial court found true the prior robbery and one of the prior prison term allegations.

"On July 20, the trial court imposed an aggregate sentence of 124 years to life in state prison, which included 25 years to life for each of the section

12022.53 enhancements." (*Spikes*, *supra*, A148920 & A149766, p. 10, fn. omitted.)

Defendant appealed, and in 2019 we affirmed the judgment of conviction. (*Spikes*, *supra*, A148920 & A149766, p. 38.)

**The Petition for Resentencing**

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended sections 188 and 189 to "eliminate[ ] natural and probable consequences liability for murder as it applies to aiding and abetting, and limit[ ] the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*), citing §§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 2, 3.) Senate Bill No. 1437 also added what is now section 1172.6, which provides a procedure for persons convicted of felony murder, or murder under the natural and probable consequences doctrine, to seek retroactive relief under amended sections 188 and 189, as amended effective January 1, 2019. (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) That procedure now extends to those convicted under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a); see Stats. 2021, ch. 551, § 2.)

On January 25, 2023, defendant filed a form petition for resentencing under section 1172.6. His petition alleged: (1) he was charged under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime; (2) he was convicted of murder following a trial; and (3) he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1,

3

2019. He also requested that counsel be appointed to represent him in connection with his petition.

On February 22, the People filed opposition to the petition. In support, they relied on, and requested judicial notice of, the information, the signed verdict forms, the abstract of judgment, the jury instructions, and our prior opinion on direct appeal. On May 26, defendant—now represented by counsel—filed a reply.

On September 28, the trial court held a hearing on the petition. After the trial court granted the People's request for judicial notice, the parties presented argument. Counsel for both parties indicated that despite recent amendments to section 1172.6 providing that "the court may . . . consider the procedural history of the case recited in any prior appellate opinion" (§ 1172.6, subd. (d)(3)), they wished the court to consider our prior opinion on direct appeal "in its entirety," "[i]ncluding the analysis and the factual recitation." Following argument, the trial court found that even without considering our prior opinion, the record of conviction definitively refuted defendant's allegations in the petition, relying on the facts that defendant was convicted of first-degree, premeditated and deliberate murder, with the jury finding true a personal use of a firearm allegation (§ 12022.53, subd. (d)) and that there were no jury instructions permitting the defendant to be convicted on a theory of felony murder or murder under the natural and probable consequences doctrine. The court also concluded that the jury's guilty verdict on count 3 demonstrated that he was the shooter of Marcus Brackenridge in connection with count 1, because, according to certain testimony summarized in our prior opinion, "[i]t was the same person shooting Marcus Brackenridge who then turned and shot at [Sandra Alexander]," and "those two offenses happened simultaneously without

4

interruption." The trial court accordingly concluded that defendant had failed to make a prima facie showing that he was entitled to relief and denied the petition.

Defendant appealed, and this court appointed counsel to represent him.

## DISCUSSION

As noted, appellate counsel filed a brief asking us to follow the procedures set forth in *Delgadillo*, *supra*, 14 Cal.5th 216. Where, as here, counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition, we are not required, but may exercise our discretion, to conduct an independent review of the record in the manner prescribed in *People v. Wende* (1979) 25 Cal.3d 436. (See *Delgadillo*, at pp. 226–231.) We give the defendant the opportunity to file his or her own supplemental brief and we then evaluate any specific arguments raised. (*Id.* at pp. 231–232.)

In compliance with *Delgadillo*, defendant was notified of his right to file a supplemental brief, and he has done so, filing a seven page brief that makes five brief arguments: (1) that there was not sufficient evidence to support the jury's finding that he was the perpetrator because "some [of] the material facts were disputed at trial . . . due to Brigid Palmer's, unavailability to stand trial or testify," (2) that "the evidence clearly established, imperfect self-defense- in defense of another, and sufficient provocation" so as to "mitigate malice 1st degree murder," (3) that certain evidence at trial was "adduced by impermiss[i]ble use of hearsay within hearsay," (4) that the trial court erred in refusing to instruct the jury on aiding and abetting, "where evidence adduced at trial established that witnessed [*sic*] positively identified a third party, engaged in a physical altercation with the victim, only seconds before the shooting," and (5) that defendant has filed a habeas corpus petition in the Northern District of California, alleging that he has evidence of his actual

5

innocence in the form of an alibi witness named Jonathan Green.[2]  In short, defendant challenges certain of the jury's findings and alleges error at his trial, but he does not raise any claims that pertain to the order from which he appeals:  the order denying his section 1172.6 petition.  To the extent defendant challenges various aspects of his trial, a section 1172.6 petition, or an appeal from the denial of such a petition, is not the appropriate vehicle for such challenges; those issues should have been raised in his direct appeal. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"]; see also *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal"].)

Because the issues that defendant raises in his supplemental brief have no bearing on the very narrow scope of a section 1172.6 petition, they are not properly before us, and we do not consider them.

Although defendant's supplemental brief does not address the trial court's order denying his section 1172.6 petition, and although we are not required to do so, we have exercised our discretion to independently review the record as to the petition and found no arguable issues.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221–222, 232.)

Where, as here, "the trial court receives a [section 1172.6] petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'  [Citations.]  If the petition and record in

---

[2] Defendant's brief attaches as an exhibit a portion of his habeas corpus petition.

the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

In assessing whether a prima facie showing is made, the trial court may rely on the record of conviction, which "allow[s] the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) That record includes the jury instructions and verdict forms from the petitioner's jury trial. (See *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) While the court may look at the record of conviction, it does not engage in factfinding; instead, it accepts the petition's factual allegations as true and preliminarily assess whether, if proven, they would entitle the petitioner to relief. (*Lewis*, at pp. 971, 972.) Nevertheless, if the record of conviction establishes facts conclusively refuting the petition's allegations, " 'then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

Here, the record of conviction, which includes the jury instructions and verdict forms, conclusively demonstrates defendant is ineligible for relief. The jury found defendant guilty of the first-degree murder of Marcus Brackenridge with premeditation and deliberation, and in connection with that count, found true the allegation that he personally and intentionally discharged a firearm causing great bodily injury or death. Before doing so, it was instructed that it could find defendant guilty of first degree murder only if it found that he "acted willfully, deliberately, and with premeditation." This remains a valid theory of liability under the current murder statutes. (See § 189, subd. (a).) There is no indication that the People advanced a theory of, or that the trial court instructed the jury on, aiding and abetting, felony murder, the natural and probable consequences doctrine, or imputed

7

malice.[3]  Thus, the record establishes that defendant was not and could not have been convicted under a now-invalid theory of murder, and he is therefore ineligible for relief under section 1172.6 as a matter of law.  For these reasons, the trial court correctly denied his petition at the prima facie stage.  (See *People v. Soto, supra,* 51 Cal.App.5th at p. 1059 [absence of jury instructions on felony murder or the natural and probable consequences doctrine justifies summary denial of petition]; accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

In short, our independent review of the record discloses no arguable issues.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

---

[3] Although the jury was instructed regarding malice murder under CALCRIM No. 520, which uses the words "natural and probable consequences" in defining implied malice, implied malice and the natural and probable consequences theory are legally distinct concepts.  "Whereas implied malice is based on 'the "natural and probable consequences" of a defendant's *own* act,' the natural and probable consequences doctrine was 'a theory of vicarious liability under which "[a]n aider and abettor [was] guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commit[ted] (the nontarget crime).' " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 231–232.)  Senate Bill No. 1437 " 'abolished the natural and probable consequences doctrine' as a theory of vicarious liability, [but] 'it maintained the viability of murder convictions based on implied malice, and the definition of implied malice remains unchanged.' " (*People v. Rivera*, at p. 232.)

_____

Richman, J.

We concur:

_____

Stewart, P. J.

_____

Desautels, J.

*People v. Spikes* (A169346)